**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

September 25, 2007

# NOTICE OF CORRECTION

**From:**                    **Clerk's Office**

**Case Style:**             **Thirty Eight Street, Inc., et al. v. Sheenal, Inc., et al.**

**Case Number:**           **#2:07-cv-00732-MHT**

**Referenced Document:**    **Document #10**
                            **Amended Complaint**

**This notice has been docketed to enter the corrected pdf of the referenced document into the record. The original pdf did not contain the entire original complaint. The corrected pdf is attached to this notice.**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **THIRTY EIGHT STREET, INC**, a Florida corporation; **and VANTAGE HOSPITALITY GROUP, INC., FORMERLY KNOWN AS, BEST VALUE INN BRAND MEMBERSHIP, INC.**, a Florida corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**SHEENAL, INC.**, an Alabama corporation, **BIMAL PATEL**, an individual, **KM LODGING, LLC**, a Tennessee limited liability company, and **MANUBHAI A. PATEL**, an individual,<br><br>Defendants. | No. CV. 2:07-cv-732<br><br>**AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW  Plaintiffs, THIRTY EIGHT STREET, INC. ("Thirty Eight") and

VANTAGE HOSPITALITY GROUP, INC. ("Vantage"),  (hereinafter collectively "Plaintiffs"),

by and through their attorneys and for their first Amended Complaint against Sheenal, Inc.,

Bimal Patel, KM Lodging, LLC, and Manubhai A. Patel (hereinafter collectively "Defendants")

state and allege as follows:

### JURISDICTION AND VENUE

1.      This is a civil action arising under the Trademark Act of 1946, as amended (the

Lanham Act, codified at 15 U.S.C § 1051, *et seq.*), for federal trademark infringement, false

designation of origin and false advertising, as well as under state common law.

2.    This Court has jurisdiction of this action pursuant to 15 U.S.C. §1121; 28 U.S.C. §1331, and 28 U.S.C. §1338(a) in that this case involves a federal question arising under the trademark laws of the United States. 15 U.S.C. § 1051, *et seq.*

3.    This Court also has jurisdiction on the basis of the diversity of citizenship of the parties. 28 U.S.C. §1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand and 00/100 Dollars ($75,000).

4.    The Court has jurisdiction of the state common law claims in that said state law claims are joined with a substantial and related federal claim arising under the trademark laws of the United States. *See* 15 U.S.C. § 1051, *et seq.*

5.    Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. 28 U.S.C. §1391(b). Defendant has used Plaintiffs' marks, BEST VALUE INN, BEST VALUE, and AMERICAS BEST VALUE INN BY VANTAGE, or confusingly similar variations thereof, within this district.

**PARTIES**

6.    Plaintiff Thirty Eight is a corporation organized and existing under the laws of the State of Florida, having its principal place of business at One Financial Plaza, Suite 1600, Fort Lauderdale, Florida. Plaintiff Vantage is a corporation organized under the laws of the State of Florida, having its principal place of business at 1875 SW 4th Avenue, Suite C-6, Delray Beach, Florida 33444, and was formerly known as Best Value Inn Brand Membership, Inc.

7.    Defendant, Sheenal, Inc. ("Sheenal") is a corporation organized and doing business under the laws of the State of Alabama, having a place of business at 941 Fort Dale Road, Greenville, Alabama. Defendant KM Lodging, LLC ("KM Lodging") is a limited liability company organized under the laws of the State of Tennessee. Upon information and belief, KM Lodging has a place of business at 941 Dale Road, Greenville, Alabama and is responsible for

2

the operation of the hotel located there.   Defendant Bimal Patel is a registered agent of KM Lodging and is one of its officers.

8.     Upon information and belief, Defendant Bimal Patel is President of Defendant Sheenal land is a citizen of Tennessee, and Defendant Manubhai A. Patel is an officer and registered agent of Sheenal and is an Alabama citizen.

9.     Plaintiff Thirty Eight is the owner of the marks BEST VALUE INN, BEST VALUE, and AMERICAS BEST VALUE INN BY VANTAGE (United States Registration No. 3216237), and licenses use of such marks to Plaintiff Vantage.

10.     Plaintiffs have used the marks BEST VALUE INN and BEST VALUE since at least as early as April 4, 2006, and have used the mark BEST VALUE INN BY VANTAGE since at least as early as November 30, 2004 (hereinafter "Plaintiffs' Marks") in connection with offering and selling hospitality services (hereinafter "Plaintiffs' Services).

11.     Plaintiffs' Marks have been used continuously in interstate commerce since the inception of their use by Plaintiffs, and are still in use as of the date of this filing.

12.     Plaintiffs advertise and sell Plaintiffs' Services under Plaintiffs' Marks throughout the United States including, but not limited to, in Alabama.

13.     On account of their long and continuous use of Plaintiffs' Marks, and substantial advertising and sales of its products and services under these marks, Plaintiff has established trademark rights in Plaintiff's Marks.

14.     Through its promotional efforts, business conduct, and continuous use of Plaintiffs' Marks, Plaintiffs have developed and maintain customers throughout the United States.  Plaintiffs' Marks have become, through widespread and favorable public acceptance and

recognition, an asset of substantial value as a symbol of Plaintiffs, their high quality services, and their good will.

15.    Plaintiff Vantage operates the Best Value Inn Brand Membership Program ("Program") under which providers of hospitality services may receive from Vantage a license to use Plaintiffs' Marks in connection with hospitality services, as well as other benefits, in exchange for payments and compliance with other covenants, such as maintaining a certain level of quality of the hospitality accommodations offered in connection with Plaintiffs' Marks.

16.    On or about April 1, 2003, Sheenal applied to participate in the Program and Vantage accepted Defendant's application. Thereupon, Sheenal agreed to the terms in the application for membership in the Program. Sheenal's Brand Membership Application and Agreement ("Brand Agreement") are attached hereto as Exhibit 1.

17.    The Brand Agreement licensed the use of Plaintiffs' BEST VALUE INN and BEST VALUE marks to Sheenal in connection with offering and providing hospitality services. Among other things, the Brand Agreement required Sheenal to pay to Vantage $1,000 per month. Such payments are due on the first day of each month. A late fee of $25 or 1.5 percent interest per month, whichever is greater, accrues on all past due accounts.

18.    After entering into the Brand Agreement and becoming a member in the Program, Sheenal used Plaintiffs' BEST VALUE INN and BEST VALUE marks, including displaying those marks on signs in connection with offering and providing hospitality services.

19.    Under the Brand Agreement, Vantage is entitled to immediately suspend or terminate the agreement if Sheenal fails to comply with any of its terms. Upon termination of the Brand Agreement and membership in the Program, Sheenal is required to cease use of the

BEST VALUE INN and BEST VALUE marks and all benefits conferred by the Program, as well as remove any sign, furniture, fixture, or any thing displaying any of these marks.

20.     Sheenal has failed to pay all amounts due and owing under the Brand Agreement.

21.     As a result of Sheenal's failure to fulfill its obligations under the Brand Agreement, on or about July 29, 2005, Vantage terminated the Brand Agreement and Sheenal's membership in the Program, and notified Sheenal of the same by a letter addressed to Defendants Bimal Patel and Sheenal. A copy of the notice of Sheenal's default and failure to cure, as well as termination of Sheenal's membership in the Program, is attached hereto as Exhibit 2.

22.     Notwithstanding Vantage's termination of the Brand Agreement, Sheenal continues to use the BEST VALUE INN and BEST VALUE marks in connection with offering and providing hospitality services. In particular, Sheenal continues to display one or more signs, furniture, or fixtures containing marks that are identical or confusingly similar to Plaintiffs' marks. KM Lodging has never been authorized by Plaintiffs to use the marks BEST VALUE INN or BEST VALUE in connection with the business at 941 Dale Road, Greenville, Alabama, but, upon information and belief, has been using those marks at the subject property, and was on notice of the termination of the Brand Agreement by virtue of the termination letter sent to Bimal Patel who is an agent of KM Lodging. Despite such notice, KM Lodging has used Plaintiffs' Marks, or confusingly similar variations thereof, after the termination of the Brand Agreement and directed, participated in, controlled, ratified or otherwise assisted the unauthorized and infringing use of the Plaintiffs' Marks by other Defendants.

23.     By letters dated March 26, 2007 and May 3, 2007, Vantage notified Sheenal of its continued use of Plaintiffs' Marks and demanded that Sheenal cease and desist from further use. These letters were sent to Defendants Bimal Patel and Manubhai Patel. A copy of each of these

letters is attached hereto as Exhibit 3 and 4, respectively. Despite these demands and the terms

of the Brand Agreement, Sheenal continues to use Plaintiffs' Marks without Plaintiffs' consent.

Upon information and belief, Defendants Bimal Patel and Manubhai A. Patel have used

Plaintiffs' Marks, or confusingly similar variations thereof, since the termination of the Brand

Agreement and have directed, participated in, controlled, ratified, or otherwise assisted the

unauthorized and infringing use of Plaintiffs' Marks by Sheenal.

24.     Defendants' use of Plaintiffs' Marks has caused or will likely cause confusion in

the marketplace with Plaintiffs' use of Plaintiffs' Marks. Defendants' use of Plaintiffs' Marks

has caused or will likely cause confusion, mistake, or deceive consumers with respect to the

association of Defendant Sheenal to Plaintiffs, or as to the origin, sponsorship, or approval of

Sheenal's services by Plaintiffs. Further, Defendants' use of Plaintiffs' Marks in commercial

advertising and promotion misrepresents the nature, characteristics, qualities and origin of

Sheenal's services.

25.     Plaintiffs have been, and continues to be, injured by Defendants' unauthorized

and unlawful use of Plaintiffs' Marks. Defendants' use of Plaintiffs' Marks has caused, and

continues to cause, irreparable harm to Plaintiffs and Plaintiffs' good will and reputation.

**FIRST CLAIM FOR RELIEF**

**Infringement of Federally Registered Trademark**

**(15 U.S.C. § 1114)**

26.     Plaintiff Thirty Eight repeats and realleges each of the allegations contained in

paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.     Defendants' knowing and intentional unauthorized adoption and use of the BEST

VALUE INN and BEST VALUE marks in association with Defendants' services are likely to

cause, or have caused, consumers to mistakenly believe that Defendants are affiliated with Plaintiff Thirty Eight and its registered mark AMERICAS BEST VALUE INN BY VANTAGE, that Defendants' business is sponsored or approved by Plaintiff Thirty Eight, or that Defendants are otherwise associated with or have obtained permission from Plaintiff Thirty Eight to use Plaintiffs' Marks in connection with the sale of goods and services by Defendants.

28.    By engaging in the unauthorized activities described above, Defendants have infringed Plaintiff Thirty Eight's rights in its federally registered mark, AMERICAS BEST VALUE INN BY VANTAGE , in violation of 15 U.S.C. § 1114.  Furthermore, in view of the notices provided to Defendant by Plaintiffs, such activities were, and remain, willful and intentional.

29.    Defendants' willful and intentional acts of infringement have caused and are causing great and irreparable injury and damage to Plaintiff Thirty Eight's business and its good will and reputation in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury and damage, leaving Plaintiff Thirty Eight with no adequate remedy at law.

30.    By reason of the foregoing, Plaintiff Thirty Eight is entitled to injunctive relief against Defendants, and anyone acting in concert with Defendants, to restrain further acts of unfair competition, false advertising, and false designation of origin and, after trial to recover any damages proven to have been caused by reason of Defendants' aforesaid acts, and to recover enhanced damages based on Defendants' willful, intentional, and/or grossly negligent acts.

31.    Plaintiff Thirty Eight is also entitled to recover Defendants' profits as well as actual damages suffered by Plaintiff Thirty Eight in an amount to be determined at trial, plus treble damages and attorney fees pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

### False Designation of Origin and
### False Advertising under the Lanham Act

### (15 U.S.C. § 1125)

32.     Plaintiff Thirty Eight repeats and realleges each of the allegations contained in paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.     Defendants, by their knowing and intentional unauthorized adoption and use of Plaintiffs' Marks, or confusingly similar variations thereof, in association with Defendants' services, have and continue to falsely designate such services as being derived or affiliated with those of the Plaintiffs.

34.     Defendants' use of Plaintiffs' Marks, as aforesaid, is likely to cause, or has caused, consumers to mistakenly believe that Defendants are affiliated with Plaintiff, that Defendants' business is sponsored or approved by Plaintiffs, or that Defendants are otherwise associated with or have obtained permission from Plaintiffs to use Plaintiffs' Marks in connection with the sale of goods and services by Defendants.

35.     By engaging in the unauthorized activities described above, Defendants have made, and continue to make, false, deceptive, and misleading statements constituting false representations and false advertising made in connection with the sale of goods or services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Furthermore, in view of the notices provided to Defendants by Plaintiffs, such activities were, and remain, willful and intentional.

36.     Defendants' willful and intentional acts of unfair competition, false advertising, and false designation of origin, have caused and are causing great and irreparable injury and

8

damage to Plaintiffs' business and its good will and reputation in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury and damage, leaving Plaintiff with no adequate remedy at law.

37.    By reason of the foregoing, Plaintiff Thirty Eight is entitled to injunctive relief against Defendants, and anyone acting in concert with Defendants, to restrain further acts of unfair competition, false advertising, and false designation of origin and, after trial to recover any damages proven to have been caused by reason of Defendants' aforesaid acts, and to recover enhanced damages based on Defendants' willful, intentional, and/or grossly negligent acts.

38.    Plaintiff Thirty Eight is also entitled to recover its attorney fees and prejudgment interest pursuant to 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF

**Breach of Contract**

39.    Plaintiff Vantage repeats and realleges each of all allegations contained in paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40.    Upon termination of the Brand Agreement and Sheenal's membership in the Program, Sheenal is required under the Brand Agreement to do the following:

a.    Remove Plaintiffs' Marks from any sign, furniture, fixtures, or other visible thing within 30 days;

b.    Pay $100 per day for each day that it failed to remove Plaintiffs' Marks after the expiration of 30 days after termination; and,

c.    Immediately pay the balance of the Membership Fees for the remainder of the term of the Brand Agreement.

41.    Sheenal has breached the Brand Agreement by:

a.      Failing and refusing to discontinue use of Plaintiffs' Marks, as well as

failing and refusing to remove Plaintiffs' Marks from all signs, furniture, fixtures, and

other visible things;

b.      Failing to pay the daily $100 fee for continuing to display Plaintiffs'

Marks since as early as July 29, 2005, to the present; and

c.      Failing to pay the balance of the Membership Fees for the remainder of

the term of the Brand Agreement, which amounts to $10,344.

42.     Plaintiff has been damaged by Sheenal's breaches of the Brand Agreement in an

amount to be proven at trial, but no less than $83,344.

43.     For all amounts past due and owed by Sheenal under the Brand Agreement,

Plaintiff Vantage is entitled to recover $25 or 1.5 percent interest per month on the unpaid

amount, whichever is greater.  Under the Brand Agreement, Plaintiff Vantage is also entitled to

recover from Sheenal its attorney fees incurred in connection with this lawsuit.

## FOURTH CLAIM FOR RELIEF

### Unfair Competition

44.     Plaintiff Thirty Eight repeats and realleges each of allegations contained in

paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45.     Defendants' continued unauthorized use of Plaintiffs' Marks in connection with

providing hospitality services constitutes unfair competition.

46.     As a result of Defendants' unfair competition, Plaintiff has been damaged in an

amount to be proven at trial.  Further, Defendants' continued unfair competition by using

Plaintiffs' Marks will irreparably harm Plaintiffs' current and future ability to conduct business

in the region where Defendants' business is located.  Damages will not be adequate to redress

such interference; thus, Plaintiffs Thirty Eight is entitled to injunctive relief to prevent further unfair competition by Defendants.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for the following relief:

(1)     A preliminary and permanent injunction enjoining Defendants, their employees, agents, officers, directors, attorneys, representatives, successors, affiliates, subsidiaries and assigns, and all those in concert or participation with any of them from:

(a)     imitating, copying, using, reproducing, registering, attempting to register and/or displaying the marks and designations BEST VALUE INN, BEST VALUE, and AMERICAS BEST VALUE INN BY VANTAGE, or any mark or designation which colorably imitates or is confusingly similar to these marks and designations;

(b)     using any other false description or representation or any other thing calculated or likely to cause confusion, deception or mistake in the marketplace with regard to Plaintiffs' Marks;

(2)     An order directing that Defendants remove all signage and deliver up for destruction all materials and matter in their possession or custody or under their control that infringe on Plaintiffs' Marks, including, without limitation, all advertising and promotional materials;

(3)     An order directing that Defendants file with the Court and serve upon counsel for Plaintiff within thirty (30) days after the entry of such order or judgment, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction;

(4)     An order awarding to Plaintiff, under 15 U.S.C. § 1117(a), all damages sustained by Plaintiff Thirty Eight in an amount to be proven at trial, including Defendants' profits.

(5)     An order awarding to Plaintiff Thirty Eight treble actual damages or treble damages based upon an accounting of Defendants' profits, whichever is greater, including all statutory enhancements and other enhancements on account of the willful nature of Defendants' acts as provided in 15 U.S.C. § 1117(a);

(6)     An order awarding to Plaintiff Vantage damages for breach of contract in an amount to be determined at trial;

(7)     An order awarding to Plaintiffs damages for unfair competition in an amount to be determined at trial;

(8)     An order awarding prejudgment and post judgment interest;

(9)     An award of Plaintiffs' costs and expenses, including, without limitation, Plaintiffs' attorney's fees incurred herein;

(10)    An order for corrective advertising in a form, manner and frequency that is acceptable to Plaintiffs and the Court; and

(11)    All other relief, in law or in equity, to which Plaintiffs may be entitled, or which the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demands trial by jury on all issues so triable.

DATED this 25th day of September, 2007.

Respectfully submitted,

_Linda Friedman_

Linda Friedman
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL  35203-2104
Telephone:  (205) 521-8274
Facsimile:  (205) 488-6274


&

Charles A. Stewart III (STE067)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701

**Attorneys for Plaintiffs**
**Thirty Eight Street, Inc.**
**Vantage Hospitality Group, Inc**.

OF COUNSEL:
Daniel P. Larsen
Alter Wynne, LLP
222 SW Columbia, Suite 1800
Portland, OR  97201-6618
Telephone:  (503) 226-1191

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served the above and foregoing on:

Bimal Patel
5557 Saddlewood Lane
Brentwood, TN  37027

Manubhai A. Patel
1210 Industrial Parkway
Saraland, AL  36571

Sheenal, Inc.
c/o Manubhai A. Patel, its registered agent
1210 Industrial Parkway
Saraland, AL  36571

KM Lodging, LLC
c/o Bimal Patel
5557 Saddlewood Lane
Brentwood, TN  37027

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to
their regular mailing addresses, on this 25th day of September, 2007.

_____
OF COUNSEL

# EXHIBIT 1

FROM                                    (WED)MAR 21 2007 14:35/ST. 14:35/No. 6860399177 P  2

## BEST VALUE INN ™
# BRAND MEMBERSHIP APPLICATION AND AGREEMENT

)  607

This is an application for membership in the BEST VALUE INN BRAND MEMBERSHIP PROGRAM (hereinafter referred to as the PROGRAM), between BEST VALUE INN BRAND MEMBERSHIP, INC., (hereinafter BEST VALUE") having its address at 1875 SW 4th Ave., Ste. C-6, Delray Beach, FL 33444) and (Property name) ___BEST VALUE INN___ having its address (hereinafter referred to as Applicant), having its property address applicable hereto located at ___941  Ft. Dale  Rd___
___Greenville  AL    36037___                                (hereinafter referred to as the Property).

It is agreed:

1) That if this Membership Application is approved by BEST VALUE it thereupon becomes the Agreement between the parties hereto, and Applicant (thereafter referred to as MEMBER) shall be entitled to all membership privileges accorded by BEST VALUE INN BRAND MEMBERSHIP, INC., and the PROGRAM (the Membership). The Program is geared towards improving value in the Property and the Membership and therefore depends substantially on Member operating and maintaining the Property in accordance with the Program.

2) As a condition of BEST VALUE considering Applicant for Membership, Applicant encloses herewith its good check made payable to BEST VALUE INN BRAND MEMBERSHIP, INC., in the amount of $5000.00 (Initial Fee). The Initial Fee is a deposit only until said Applicant is approved or denied for Membership. If approved, then the Initial Fee shall be retained by BEST VALUE in consideration of acceptance of Applicant as a Member and the issuance of the Membership. If Membership is denied, then the Initial Fee shall be returned forthwith.

3) If approved for Membership, the Member will be billed monthly for Membership Fees based upon a per guestroom (Unit) fee per month of $11.00. Property has _88_ Units. Said Membership Fees shall be due on the first day of _July_ _2003_ . Minimum monthly Membership Fees are based on a 20 Unit property.

4) The Member agrees to pay an Advertising Fee at the rate of $4.00 per Unit based on _88_ Units and, in addition thereto, $50.00 per month per Property as a Conference Fee. The Conference Fee pays the annual Conference Fee for one Property representative at the Annual Brand Membership Conference. Said Advertising and Property Conference Fees shall begin on the first day of _July_ _2003_ . A GDS Fee will be billed as applicable and as incurred by the Property.

5) Special considerations (if left blank then there are none): _RADIUS - AREA OF PROTECTION 15 MILE_ _RADIUS - AGREEMENT FOR 3 @ YEARS - FEES CAPPED_ _$1000.ºº PER MONTH PER ROOM_

6) This is a solicitation for an application and request for acceptance of Membership by Applicant. In order for the Application Form to be considered by BEST VALUE, it must be filled out, executed and returned along with the Initial Fee within seven (7) days from the date you receive the Application.

7) Only information contained on this application, front and back, and no oral or other agreements shall be deemed a part of this Application or Agreement unless specifically incorporated herein by reference.

Dated this ____ day of _____

Mailing Address, if different than Property address:          Company Name: _Sheavl_ _Inc_

___5557  SADDLEWOOD  W___                          Signature: _____

___BRENTWOOD   TN   37027___                     PRINTED Signature: _BIMAL PATEL_

                                                              Title: ___CEO___

te of Incorporation or Registration: _AL_          EIN: _63-1107329_

                                         Fictitious Name, if any _____

ctive Date: The _1st_ day of _April_      FOR BEST VALUE USE ONLY

roved: BEST VALUE INN BRAND MEMBERSHIP, INC., this _2nd_ ___2003___

FROM                                                (WED)MAR 21 2007 14:36/ST. 14:35/No. 6860399177 P  3

8) Membership under and pursuant to this Agreement shall be for an initial term of one year from the Effective Date and shall continue from year to year in accordance with this Agreement unless canceled by either party more than 90 days prior to the applicable anniversary date of the Effective Date. If the Member and/or the Property, as applicable fail(s) to abide by and maintain the terms of this Agreement and the then applicable standards of the PROGRAM then such Membership is subject to immediate suspension and/or termination, as applicable.

9) All fees and charges are due the first of each month and are past due if not received by the fourth of that month. Fees may be adjusted by Best Value upon the beginning of any new term hereunder. A late fee of $25 or 1.5 percent interest per month on unpaid fees, whichever is greater will be charged on all past due accounts.

10) As a condition of Membership, Applicant covenants that the Property meets or exceeds AAA minimum requirements and the Applicant, if conferred a Membership hereunder, agrees to inspections by a BEST VALUE authorized inspector per the terms hereof. The BEST VALUE property inspection(s) may have more stringent requirements than those necessary to achieve a AAA rating, consequently, BEST VALUE inspection requirements must be passed regardless of AAA rating.

11) If the Member ceases its Membership at the Property at any time for any cause, Member shall immediately terminate the use of all Marks of BEST VALUE at the Property and of all benefits conferred by the Program. Member shall remove any sign using a Mark and will remove the Mark from all furniture and fixtures within 30 days of receipt of written notice of termination of Membership or within 30 days of termination by a Member pursuant to non-renewal, as applicable (the Grace Period). In the event Member fails to timely and completely remove all Marks, Member acknowledges the damage done to BEST VALUE, thereby, will be difficult or impossible to ascertain, therefor, as liquidated damages and not as a penalty, the parties hereto agree that Member shall pay to BEST VALUE, the amount of $100.00 per day beginning at the end of the Grace Period and continuing until the use of all Marks is confirmed by BEST VALUE to have been removed. Mark is defined generally as all intellectual property rights of BEST VALUE including trademarks, trade names, service marks and logos such as BEST VALUE INN, BEST VALUE and related logo, including designs, stylized letters and colors that BEST VALUE permits Member to use at the Property in connection with the Program.

12) Member shall operate the Property in accordance with the BEST VALUE policies as adopted by BEST VALUE and any applicable membership committees or counsels and Member shall provide reservation information and other services in accordance with the established policies and programs of BEST VALUE.

13) If Member terminates this Agreement prior to conclusion of any stated term or if Member is terminated under the Agreement, Member shall immediately pay the balance of Membership Fees for the term on an accelerated basis.

14) Member shall, at all times, carry property and casualty insurance on the Property whereon, BEST VALUE is named as an additional insured; a copy of such coverage will be submitted to BEST VALUE within 30 days of approval of Membership. Nothing contained herein shall be construed or deemed to create a joint venture, partnership, agency, servant, subsidiary or legal representative relationship (except with regard to making reservations for the Property) of or between the parties. Member is an independent contractor. Member is not authorized to make any contract, agreement, representation or warranty on behalf of BEST VALUE or incur any debt or other obligation in the BEST VALUE name(s).

15) In the event either party is required to engage an attorney to enforce its rights hereunder or in any ancillary action, the prevailing party shall be entitled to recover reasonable attorneys fees for pre-trial, trial, mediation and on appeal. In the event that BEST VALUE, its agents or assigns are made a party to any claim, action or suit against Member or Property wherein BEST VALUE is named in a capacity as a passive tortfeasor, then, to that extent, Member agrees to indemnify BEST VALUE for all damages, costs expenses and attorneys fees.

16) Upon approval of this application by BEST VALUE, this Application and the BEST VALUE Operations Procedure Manual, as then currently in effect, shall be binding. Member hereby acknowledges receipt of the BEST VALUE Operation Procedures and Travel Card Program and agrees to abide by their regulations as set forth. The use by Member of the Program and Marks is limited to a non-exclusive grant of a license in the operation of the Property consistent herewith.

17) All notices required under this Agreement must be in writing and must be delivered to the party charged, via certified mail, return receipt requested at the applicable addresses listed herein unless notice of change of address is provided in accordance herewith. All Notices are deemed given as of three days after the date mailed.

Please mail this application and check to:
Best Value Inn Brand Membership
1875 SW 4th Ave., Suite C-6
Delray Beach, FL  33444
Ph: 877-311-2378  Fx: 866-563-2378

# EXHIBIT 2

FROM                                    (WED)MAR 21 2007 14:36/ST. 14:35/No. 6660899177 P  4

☐ Corporate/Development
860 Hampshire Road, Suite G
Westlake Village, CA 91361
805-557-7300 • 888-582-BEST (2378)
805-557-7303, fax

☐ Tour & Travel/Membership
167 E. Tropicana Avenue
Las Vegas, NV 89109
Tour & Travel: 888-411-BEST (2378)
Membership: 800-371-5833



Marketing ☐
7181 Chagrin Road
Chagrin Falls, OH 44023
888-316-BEST (2378)
440-247-2294, fax

Corporate/Financial ☐
9305 West Sample Road
Coral Springs, FL 33065
877-311-BEST (2378)
954-575-8275, fax

July 29, 2005

Bimal Patel
C/o Sheenal Inc.
D/b/a Best Value Inn
5557 Saddlewood Lane
Brentwood, TN 37027

*DATED MATERIAL*

RE:    Membership Status:        Termination of Membership Agreement
       Member No.:               60700
       Current Account Balance:  $0.00
       Termination Damages:      $10,344.00
       Total Amount Due:         $10,344.00

Dear Mr. Patel:

We reviewed your file and found that due to non-compliance with the letters and phone calls from our Brand Membership Team, you continue to be in breach of your Membership Agreement as follows:

- Failure to cure default as outlined in previous letter dated March 10, 2005, concerning the timely completion of the Property Improvement Plan due to a failing Quality Assurance (QA) Score.

Due to the above mentioned item, Americas Best Value Inn Brand Membership, Inc. has no other choice than to immediately terminate the Membership Agreement effective July 29, 2005.

As a result of your termination, you are now liable for an accelerated invoice of your monthly Fees, which is enclosed. Please send in your good check for account balance of $10,344.00 by August 15, 2005.

As of the date of termination of July 29, 2005, you must remove all uses of the [Americas] Best Value Inn name and logo from the property and all advertising. Since this trade name and mark are used by you pursuant to a license, and since the Membership Agreement is being terminated, you will no longer have the right to use the name, mark or any reference thereto at your property or in advertising. Your property will be inspected in the near future in order to confirm compliance.

Americas
Best Value Inn
Hotel

Americas
Best Value
Inn

Americas
Best Value Inn
& Suites

Reservations: 888-315-BEST (2378) or www.AmericasBestValueInn.com

*A Member of the Vantage Hospitality Group, Inc.*
www.VantageHospitality.com

FROM                                    (WED)MAR 21 2007 14:36/ST. 14:35/No. 6660393177 P  5

Your failure to remove all Marks by August 15, 2005 will result in our right to damages in the amount of $100 per day.

We appreciate having had the opportunity to work with you and represent your property. We wish you the best of success as you move forward. If you have any questions regarding compliance with your obligations under the Agreement, please feel free to call, send a fax or e-mail.

Very truly yours,

VANTAGE HOSPITALITY GROUP, INC.
d/b/a Americas Best Value Inn

Jordan Langlois,
Vice President of Brand Management

Cc:    R. Bloss, President/CEO
       B. Moyle, COO
       C. Leitch, Vice President of SSAP
       K. Simon, Asst. Director of Operations
       S. Thibodeaux, SSAP Director

Enc:    Copy of Statement
        Copy of Membership Agreement

FROM                                    (WED)MAR 21 2007 14:36/ST. 14:35/No. 6660399177 P  6



9305 W. Sample Road
Coral Springs, FL 33065
(877) 311-2378
(954) 575-0275 FAX
ksimon@americasbvi.com

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 7/28/2005 | 116 |

**BILL TO:**
Best Value Inn - Greenville, AL
5557 Saddlewood Lane
Brentwood, TN 37027

| | P.O. NUMBER | TERMS | PROJECT |
|---|---|---|---|
| | | Net 10 | |

| QUANTITY | DESCRIPTION | RATE | AMOUNT |
|----------|-------------|------|--------|

| **TOTAL** | $10,344.00 |

# EXHIBIT 3

**ATERWYNNE** LLP
ATTORNEYS AT LAW

Suite 1800
222 S.W. Columbia
Portland, OR 97201-6618
503-226-1191
Fax 503-226-0079
www.aterwynne.com

Ernest G. Bootsma
Direct Dial: 503-226-8634
E-Mail: egb@aterwynne.com

March 26, 2007

*VIA CERTIFIED MAIL - Return Receipt Requested*

Bimal Patel, President
Sheenal, Inc.
5557 Saddlewood Ln
Brentwood, TN 37027

Manubhai A. Patel, Registered Agent
Sheenal, Inc.
1210 Industrial Parkway
Saraland, AL 36571

Bimal Patel
Best Value Inn
941 Ft. Dale Rd.
Greenville, AL 36037

      Re:    Cease and Desist Demand Letter
              Regarding BEST VALUE INN and BEST VALUE Trademarks

Dear Sirs:

    We represent Vantage Hospitality Group, Inc. (fka Best Value Inn Brand Membership, Inc. ("BVI"). This letter is in response to your continued use of the terms "BEST VALUE INN" and "BEST VALUE" in connection with your business, including, but not limited to, signs located on the property located at 941 Ft. Dale Rd, Greenville, AL 36037 (the "Property").

    As you are aware, BVI is the owner of the above-stated famous service marks (referred to individually as the Mark and together as the Marks). These Marks have been used in interstate commerce since at least as early as April 4, 1996, to identify BVI's hospitality services to the consuming public nationwide. By virtue of widespread advertising, promotion, and use of the Marks, the Marks have become associated exclusively with BVI in connection with hotel, motel and restaurant services. Needless to say, the Marks are highly valued and are considered significant assets, which BVI is willing protect by taking whatever steps are permitted by law.

    It has come to our attention that you are continuing to use the Marks in advertising your business in Alabama in spite of your continued and repeated statements to our client that you would be ceasing use of such Marks. Our client is no longer willing to accept your statements at

Bimal Patel
Manubhai A. Patel
March 26, 2007
Page 2

face value. Your company's use of the Marks is unauthorized, infringing and imminently likely to cause confusion and mistake. We wish to advise you that, in addition to a clear breach of the Brand Membership Application and Agreement (a copy of which is attached), such activity constitutes trademark infringement, unfair competition and dilution under federal and state laws. In view of the foregoing, we demand that you: (i) immediately cease and desist from all future use of the Marks, or the use of any confusingly similar variations thereof, in connection with the Property and your business; (ii) immediately destroy all printed or written materials containing the Marks; (iii) discontinue use of the Marks to promote your business in any way, including, but not limited to, any signs, monuments, brochures, web sites, and any trade listing, and on any promotional or advertising materials; and (iv) provide us with your written assurances that you have fully complied with each of the foregoing demands, together with photographs, prints, or digital images showing us your compliance, each of which must be completed within ten (10) days of the date of this letter.

Please be advised that, without further notice to you, BVI may take such legal action as it deems advisable to assert its statutory right to recover profits, damages, and costs associated with the protection of its interests. In any case, BVI expressly reserves all rights it may have under applicable state and federal laws with respect to this matter.

Very truly yours,

Ernest G. Bootsma

cc:    Mr. Art Loterstein
Encl.

7006 2150 0004 9400 0051

7006 2150 0004 9400 0044

7006 2150 0004 9400 0037

338614/1/EGB/102237-0001

# EXHIBIT 4

**ATERWYNNE LLP**
ATTORNEYS AT LAW

Suite 1800
222 S.W. Columbia
Portland, OR 97201-6618
503-226-1191
Fax 503-226-0079
www.aterwynne.com

Ernest G. Bootsma
Direct Dial: 503-226-8634
E-Mail: egb@aterwynne.com

May 3, 2007

*VIA CERTIFIED MAIL – Return Receipt Requested*

Bimal Patel, President
Sheenal, Inc.
5557 Saddlewood Ln
Brentwood, TN 37027

Manubhai A. Patel, Registered Agent
Sheenal, Inc.
1210 Industrial Parkway
Saraland, AL 36571

Bimal Patel
Best Value Inn
941 Ft. Dale Rd.
Greenville, AL 36037

> Re:    Second and Final Cease and Desist Demand Letter
>           Regarding BEST VALUE INN and BEST VALUE Trademarks

Dear Sirs:

We represent America's Best Value Inn by Vantage Hospitality Group, Inc. (fka Best Value Inn Brand Membership, Inc. ("BVI"). We mailed a cease and desist demand letter to you dated March 26, 2007 in which we demanded that you and your company immediately cease use of the terms "BEST VALUE INN" and "BEST VALUE" (the "Marks") in connection with your business, including, but not limited to, use of the Marks on all signs located at 941 Ft. Dale Road, Greenville, Alabama.

In several telephone conversations with you between February and April, you indicated that you intended to comply with the demands set forth in our demand letter, but had not yet done so. This time was in addition to the time BVI gave you to fully comply with their demands since terminating your contract in July of 2005. You were advised that you must provide us with photographic evidence showing removal of all signs and other materials. As of this date, we have not received the requested evidence.

Because of such failure to provide the requested evidence, we can only assume that you do not intend to cease using the Marks. Therefore, BVI has instructed us to file

M E N L O   P A R K        P O R T L A N D        S E A T T L E          341548/1/EGB/102237-0001

Bimal Patel
Manubhai A. Patel
May 3, 2007
Page 2

the enclosed Complaint in Federal District Court on May 31, 2007 if you have not
provided us with the requested evidence by May 23, 2007.

BVI would still like to resolve this issue without taking legal action and, therefore,
renews its demands that you: (i) immediately cease and desist from all future use of the Marks,
or use of any confusingly similar variations thereof, in connection with your services or any
other service; (ii) immediately destroy all materials containing the mark; (iii) discontinue use of
the mark to promote your services in any way including on any website, and any trade listing,
and on any promotional or advertising materials; and (iv) provide us with your written
assurances by May 23, 2007 that you have complied with these demands.

Please note, however, that BVI will no longer wait to hear from you. If we do not receive
the requested evidence from you by May 23, 2007, then BVI will institute legal action against
you. Once the lawsuit is filed, you will be responsible for unpaid fees, costs of collection,
interest, and possibly, attorney fees.

We look forward to resolution of this matter.

Very truly yours,

Ernest G. Bootsma

cc:    Mr. Art Loterstein (w/enclosure)
Encl.

7006 2150 0004 9400 1119

7006 2150 0004 9400 1133

7006 2150 0004 9400 1126

341548/1/EGB/102237-0001