UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

| | |
|---|---|
| **THIRTY EIGHT STREET, INC.,** a Florida corporation, and **VANTAGE HOSPITALITY GROUP, INC., FORMERLY KNOWN AS, BEST VALUE INN BRAND MEMBERSHIP, INC.,** a Florida corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**SHEENAL, INC.,** an Alabama corporation, **BIMAL PATEL,** an individual, and **KM LODGING, LLC,** a Tennessee limited liability company,<br><br>Defendants. | No. 2:07cv732-MHT<br><br>**CONSENT DECREE AND FINAL JUDGMENT** |

Upon the consent and agreement of Plaintiffs and Defendants, and the Court being fully and sufficiently advised in the premises:

**WHEREAS,** Plaintiffs have filed a Complaint in this action charging Defendants with federal trademark infringement, violation of Lanham Act, unfair competition, and other claims, in violation of the laws of the United States and the State of Alabama;

**WHEREAS**, Plaintiffs have amended the Complaint to add KM Lodging, LLC as an additional Defendant, and have further filed a notice of dismissal of Defendant Manubhai A. Patel under Fed. Rule Civ. Pro. 41(a)(1), who is accordingly hereby dismissed without prejudice;

**WHEREAS,** Defendants recognize and acknowledge the rights of Plaintiffs in their trademarks;

**AND WHEREAS,** the parties desire to settle all matters in dispute between them in relation to the above-captioned litigation.  Accordingly, it is hereby stipulated by the parties hereto, being all parties in this action, that the Court may enter this Consent Decree and Final Judgment;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED** that:

1. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121 AND 28 U.S.C. §1331 AND U.S.C. §1338.  This Court also has jurisdiction over the parties.  Venue is proper in this judicial district.

2. The Plaintiffs' Marks, which are the subject of the Complaint, consist of BEST VALUE INN, BEST VALUE, and AMERICAS BEST VALUE IN BY VANTAGE.  Plaintiffs' Marks are valid, enforceable, and have been infringed by Defendants by unauthorized use of such Marks at and in connection with the business at 941 Dale Road in Greenville, Alabama ("the Subject Property").

3. Defendants and each of their principals, officers, agents, servants, employees, affiliates, suppliers, attorneys, successors and assigns, and all persons in active concert, participation and privity with them, are permanently restrained and enjoined from imitating, copying, using, reproducing, registering, attempting to register and/or displaying the marks and

designations BEST VALUE INN, BEST VALUE, and AMERICAS BEST VALUE INN BY VANTAGE, or any mark or designation which colorably imitates or is confusingly similar to these marks and designations; using any other false description or representation or any other thing calculated or likely to cause confusion, deception or mistake in the marketplace with regard to Plaintiffs' Marks.  Without limiting the foregoing, Defendants are enjoined from using any of the foregoing Marks in any way on the internet, whether on a web site, in sponsored advertising with any search engine, as key words in internet advertising, or as metatags, and are enjoined from referring to the Subject Property as "formerly Best Value Inn".  Defendants are further ordered to contact all organizations and directories in which Defendants know, or become aware that the Subject Property is listed as a Best Value Inn, to notify each such directory or organization that the Subject Property is not a Best Value Inn and to ensure that the Subject Property is not identified, by such directories or other parties, by use of any of Plaintiffs' Marks.

    4.    The jurisdiction of this court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this judgment, the enforcement of this judgment, including the injunctive relief provided for under this Consent Decree and Judgment, and the punishment of any violations thereof, including contempt.  Upon application, and without further legal proceedings, this Court shall be permitted to enjoin Defendants upon breach of any aspect of this Consent Order and Judgment.

    5.    Defendants waive their right to appeal from the terms of this Consent Order and Judgment.

    6.    Defendants shall reimburse Plaintiffs for any attorney fees, costs or expenses incurred related to the enforcement of this Consent Order and Judgment.

7.  This Consent Order and Judgment shall bind and inure to the benefit of all parties hereto, and all their assigns and successors in interest.

**It Is So Ordered:**

Dated:   November 19, 2007          By:        /s/  Myron H. Thompson
                                         Myron H. Thompson
                                         United States District Court Judge